UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIGILANT INSURANCE COMPANY as Subrogee of GERHARD SCHULMEYER | : |
| Plaintiff, | : CIVIL NO.: 3-02-CV-1813 (AVC) |
| v. | : |
| BARBARA NEWINGTON | : |
| And | : |
| NORTH STAMFORD TREE SERVICE | : |
| And | : |
| RICHARD LONGO d/b/a THE TREE GUY | DECEMBER 11, 2003 |
| Defendants. | |

**JOINT CONSENTED TO MOTION TO VACATE EXISTING SCHEDULING ORDER AND TO EXTEND ALL DISCOVERY DEADLINES BY SIXTY DAYS**

Plaintiff, Vigilant Insurance Company, as subrogee of Gerhard Schulmeyer and defendant Barbara Newington ("Newington") through their undersigned attorneys, hereby move this Honorable Court to vacate the existing Scheduling Order, dated October 2, 2003, pending the filed answers of additional defendants Richard Longo d/b/a The Tree Guy (hereinafter "Longo") and North Stamford Tree Service (hereinafter "North Stamford") and to extend all discovery deadlines by sixty (60) days. This motion is necessary due to the difficulty experienced by the plaintiff in locating and obtaining service on additional defendant Longo, which was finally successful on December 7, 2003. In support of this Motion, the parties respectfully submit the following:

STAM1-748280-1

1. This case arises out of property damage, which occurred when a tree on defendant Barbara Newington's property fell onto plaintiff's insured's property on May 18, 2002.

2. Plaintiff commenced the present action by filing its complaint on October 15, 2002 against defendant Barbara Newington.

3. During the initial stages of discovery, additional defendants were identified by Mrs. Newington.

4. On August 11, 2003, the Court granted the plaintiff's Motion for Leave to File an Amended Complaint and to join Additional defendants, dated June 17, 2003.

5. On October 2, 2003, the Court granted the Consented to Motion to Vacate Existing Scheduling Order, dated September 29, 2003 extending discovery deadlines due to difficulties plaintiff was experiencing in obtaining service on the additional defendants. The deadlines set by the Court were:

| Date | Deadline |
|---|---|
| January 30, 2004: | all discovery, including depositions of all witnesses to be completed; |
| November 15, 2003: | plaintiffs shall designate all trial experts and provide opposing counsel with reports from retained experts on or before November 15, 2003 and depositions of any such experts shall be completed by January 30, 2004; |
| December 15, 2003 | defendants shall designate all trial experts and provide opposing counsel with reports from retained experts on or before January 30, 2004; |
| March 31, 2004 | all motions, except motions in limine incident to a trial, to be filed; |
| April 30, 2004 | parties to file joint trial memorandum in accordance with the pretrial order; |
| May 31, 2004 | case shall be ready for trial. |

2

6. Additional defendant North Stamford was served with plaintiff's Amended Complaint, counsel entered its appearance on September 25, 2003 but has not filed an answer as of this date.

7. Since the October 2, 2003 Scheduling Order, plaintiff has actively attempted to locate and serve additional defendant Longo but was unable to properly serve him until December 7, 2003.

8. Under the current Scheduling Order, defendant Barbara Newington's ("Newington") expert disclosure deadline is December 15, 2003. Because of the service issues, it is unlikely the additional defendants will have answered the Amended Complaint by this date.

9. Discovery from the additional defendants is crucial to both the plaintiff's case and Newington's defense and experts for the parties cannot adequately prepare their reports absent this information.

10. Moreover, plaintiff anticipates that the additional defendants will request additional time for discovery once their answers are filed and will want to attend all depositions. Accordingly, even if the existing Scheduling Order is not vacated now, it will likely have to be vacated after the additional defendants answer.

**WHEREFORE** plaintiff respectfully requests that this Honorable Court vacate the existing Scheduling Order and extend all discovery deadlines by sixty (60) days pending the answers of additional defendants and schedule a conference to set a new Scheduling Order following the filing of answers by the additional defendants.

Respectfully submitted,


ROBINSON & COLE, L.L.P.                              COZEN O'CONNOR

BY: /s/ Robin P. Keller                              BY: /s/ Robert M. Caplan /s/ R. Keller
ROBIN KELLER, ESQUIRE                                ROBERT M. CAPLAN, ESQUIRE
Robinson & Cole LLP                                  Fed. Bar #CT24719
Financial Centre                                     1900 Market Street
695 East Main Street                                 Philadelphia, PA 19103
P.O. Box 10305                                       215-665-4191
Stamford, CT 06904-2305
Tel: 203.462.7500
Fax: 203.462.7599
rkeller@rc.com


                                                LOCAL COUNSEL
                                                STUART G. BLACKBURN, ESQ.
                                                Fed Bar #CT00686
                                                P.O. Box 3216
                                                Windsor Locks, CT 06096-33216
                                                860-292-1116

                                                Attorneys for Plaintiff

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Consented to Motion to Vacate Existing Scheduling Order was sent via facsimile at 203 462-7599 and by first-class U.S. Mail, on this 11th day of December, 2003, to John H. Kane, Robinson & Cole, LLP, 695 East Main Street, Stamford, CT 06904 and by facsimile at 860-513-6445 and by first class mail to Grant H. Miller, Jr. Esq., c/o Cynthia Jaworski, Esq., Law Offices of Cynthia Jaworski, 55 Capital Blvd, Suite 210, Rocky Hill, CT 06067

Robert M. Caplan, Esq.