# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| VIGILANT INSURANCE COMPANY a/s/o GERHARD SCHULMEYER | CIVIL NO. 3:02-CV-1813 (AVC) |
| Plaintiff, | **DEFENDANT BARBARA NEWINGTON'S** |
| v. | **LOCAL RULE 56(a)(1) STATEMENT** |
| BARBARA NEWINGTON And NORTH STAMFORD TREE SERVICE And RICHARD LONGO d/b/a THE TREE GUY Defendants. | MAY 28, 2004 |

---

The Defendant Barbara Newington ("Newington"), by her attorneys, Robinson & Cole LLP, hereby submits pursuant to Local Rule 56(a)(1), this statement of undisputed facts in support of her motion for summary judgment against the Plaintiff Vigilant Insurance Company a/s/o Gerhard Schulmeyer ("Vigilant") as follows:

1. Attached hereto as Exhibit A is a true and genuine copy of the Plaintiff's Amended Complaint dated June 16, 2003.

2. Attached hereto as Exhibit B is a true and genuine copy of Newington's Answer dated February 23, 2004.

3. Attached hereto as Exhibit C is a true and genuine copy of the deposition of Barbara Newington pps. 20, 22, 25, 28-39, 68, 70, 73-74, and Exhibit 1 from that deposition.

4. Attached hereto as Exhibit D is a true and genuine copy of the deposition of Gerhard Schulmeyer pps. 19-21, 23-24, and 27-29.

5. Attached hereto as Exhibit E is a true and genuine copy of the deposition of Helga Schulmeyer pps. 6, 14-15, and 18-19.

6. Attached hereto as Exhibit F is a true and genuine copy of the deposition of James Farley ("Farley") pps. 11-12, 16, 22-28, and Exhibit A2 and A3 from that deposition.

7. Attached hereto as Exhibit G is a true and genuine copy of the deposition of Richard Longo ("Longo") pps. 37, 56, 59, 84-86.

8. The Plaintiff Vigilant is a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located 55 Water Street, New York, New York, and at all times material hereto was authorized to issue insurance policies in the State of Connecticut. (Amended Complaint, ¶ 1).

9. The Defendant Newington is an individual and resident of the State of Connecticut residing at 6 Field Point Circle, Greenwich, Connecticut ("the Newington Property"). (Amended Complaint, ¶ 2).

10. Gerhard Schulmeyer is an individual and resident of the State of Connecticut residing at 12 Field Point Circle, Greenwich, Connecticut ("the Schulmeyer Property"). (Amended Complaint, ¶ 6).

11. Helga Schulmeyer has lived with her husband, Gerald Schulmeyer for approximately 13 years at the Schulmeyer Property. (Helga Schulmeyer Depo., p. 6).

12. Farley is an employee of the Town of Greenwich Tree Department and a part of his specified duties is to keep records of work done by tree crews, based on submitted time sheets. (Farley Depo., pps. 11-12).

13. Longo is a licensed arborist who did occasional tree work for the Defendant Newington. (Longo Depo., pps. 37, 84-85).

14. On or before May 18, 2002 a limb from a tree ("Tree Limb") situated on the Newington Property fell onto a greenhouse on the Schulmeyers' Property. (Amended Complaint, ¶ 12).

15. The Tree Limb that fell did not hang directly over the greenhouse on Schulmeyers' Property. (Gerhard Schulmeyer Depo., p. 20).

16. The tree whose Tree Limb fell on the Schulmeyer property was a 35-40 inch diameter Pin Oak (the "Tree") with healthy leaves, no missing bark, no fungus and no signs of any inset infestation. (Newington Depo., p. 29; Longo Depo., p. 56).

17. Several years prior to the Tree Limb falling, Newington had the Tree cabled by Longo as she did all her large trees in case of wind. (Newington Depo., pps. 32-33; Longo Depo., p. 22).

18. Several years prior to the Tree Limb falling, Gerhard Schulmeyer, after calling Newington for permission, hired Alpine Tree Company ("Alpine") to prune the Tree. The Schulmeyers could see the Tree from their kitchen window, but Newington could not see the Tree from her house. (Newington Depo., pps. 30-31; Gerhard Schulmeyer Depo., pps. 19-20).

19. Newington gave Gerhard Schulmeyer permission to have the Tree pruned and did not, in any way, restrict what work could be done to the Tree. (Gerhard Schulmeyer Depo., p. 24).

20. The purpose of the pruning was to remove small branches from the Tree for the "beauty of the tree." (Gerhard Schulmeyer Depo., p. 19).

21. At the time that Alpine pruned the Tree, Alpine did not report to Gerhard Schulmeyer any decay or defective condition in the Tree. (Gerhard Schulmeyer Depo., p. 23).

22. Gerhard Schulmeyer never noticed any decay on the Tree, but rather considered the Tree to be a beautifully grown symmetrical tree; and that [the Tree] was growing very straight with no specific limb on the Tree that looked somehow threatening. (Gerhard Schulmeyer Depo., pps. 23, 27).

23. Helga Schulmeyer also enjoyed looking at the Tree from her kitchen window. (Helga Schulmeyer Depo., p. 15).

24. Newington never noticed any branches in the Tree that were losing leaves, any deterioration or cuts in the Tree, any bark falling off of the Tree or any decay. (Newington Depo., pps. 32, 74).

25. There was absolutely no indication that the Tree was decayed. (Newington Depo., p. 61).

26. Longo had not worked in the Tree in the 7-8 years prior to the Tree Limb falling, but he did walk near the Tree while working on other trees on the Newington Property. (Longo Depo., p. 59).

27. Between January 31, 2002 and May 18, 2002, Longo, when walking by the Tree, did not observe any visible rot or decay, any leaves not growing, or any bark falling off the Tree indicating disease, and if he had, he would have told Newington. (Longo Depo., pps. 60, 85-86).

28. Any time Longo ever found problems with a tree on the Newington Property, he would make suggestions and Newington would approve the work to be done. (Newington Depo., p. 73).

29. Longo knew the Tree did not suffer from insect infestation as there was no outward evidence on the leaves, in that the leaves looked healthy. (Longo Depo., p. 64).

30. Longo never told Newington that the Tree was diseased or infested in any way. (Newington Depo., p. 39).

31. Newington was home on May 18, 2002 and recalls a severe storm with heavy wind. (Newington Depo., pps. 25, 70).

32. Farley was out in the field, working as a member of a tree crew for the Town of Greenwich the morning of May 18, 2002. (Farley Depo., p. 23).

33. On May 18, 2002, the Town of Greenwich Tree Department responded to several reports of tree damage due to a storm and high winds that occurred the morning of May 18, 2002. (Farley Depo., pps. 24-26 and Exhibit A2-A3 attached thereto).

34. On or about May 18, 2002, the alleged day that the Tree Limb fell on Schulmeyer's Property, Newington lost a willow tree on her property. (Newington Depo., p. 20).

35. The fallen Tree Limb and damage to the greenhouse was not discovered by Gerhard and Helga Schulmeyer until their return from vacation on May 19, 2002. (Gerhard Schulmeyer Depo., p. 28, Helga Schulmeyer Depo. p. 18).

36. Gerhard and Helga Schulmeyer had been away on vacation for approximately 1-1 ½ weeks prior to May 19, 2002 and thus they do not know when the Tree Limb fell. (Gerhard Schulmeyer Depo., p. 29, Helga Schulmeyer Depo., p. 19).

37. Gerhard Schulmeyer does not know what the weather conditions in Greenwich, Connecticut were while he was away on vacation and does not know the

exact date or time when the Tree Limb fell since he was away on vacation. (Gerhard Schulmeyer Depo., pps. 27-28).

38. After the Tree limb fell, Alpine was chosen by Gerhard Schulmeyer to remove the Tree Limb and take down the Tree since Alpine did all of Schulmeyer's tree work. (Newington Depo., p. 68, Gerhard Schulmeyer Depo., p. 29).

**DEFENDANT**
**BARBARA NEWINGTON**

By: _____
John Kane
Fed. Bar # ct12273
Robin P. Keller
Fed. Bar # ct23564
E-mail: rkeller@rc.com
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904
Tel. No.: (203) 462-7500
Fax No.: (203) 462-7599

## **CERTIFICATION**

This is to certify that on May 28, 2004, a copy of the foregoing was sent via facsimile and first-class U.S. mail to: Robert M. Caplan, Esq., The Atrium, Third Floor, 1900 Market Street, Philadelphia, PA 19103 and Stuart G. Blackburn, Esq., Law Offices of Stuart G. Blackburn, Two Concorde Way, P.O. Box 608, Windsor Locks, Connecticut 06096.

_____
Robin P. Keller