

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------

VIGILANT INSURANCE COMPANY as      :

Subrogee of GERHARD SCHULMEYER      :

55 Water Street      :    **JURY TRIAL DEMANDED**

New York, New York 10041      :

         Plaintiff      :    Case No.: 3-02-CV1813 (AVC)

     :

v.      :

     :

BARBARA NEWINGTON      :

6 Field Point Circle      :

Greenwich, Connecticut 06830      :

     :

and      :

     :

NORTH STAMFORD TREE SERVICE      :

254 Club Road      :

Stamford, CT 06905      :

     :

and      :

     :

RICHARD LONGO d/b/a THE TREE GUY      :    JUNE 16, 2003

31 Country Way      :

Bethel, CT 06801      :

         Defendants      :

---------------------------------------------------------------

## AMENDED COMPLAINT

Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer, through its counsel hereby demands judgment against defendants, Barbara Newington, North Stamford Tree Service and Richard Longo d/b/a The Tree Guy, and, upon information and belief, in support thereof avers as follows:

### PARTIES

1.      Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer (hereinafter "Vigilant"), is a corporation duly organized and existing pursuant to the laws of the

State of New York with its principal place of business located 55 Water Street, New York, New York, and at all times material hereto was authorized to issue insurance policies in the State of Connecticut.

2.     Defendant, Barbara Newington (hereinafter " defendant Newington"), is an individual and resident of the State of Connecticut residing therein at 6 Field Point Circle, Greenwich, Connecticut (hereinafter the "Newington Property").

3.     Defendant, North Stamford Tree Service (hereinafter " defendant North Stamford"), is a corporation duly organized and existing pursuant to the laws of the State of Connecticut with its principal place of business located 254 Club Road, Stamford Connecticut, and at all times material hereto was in the business of providing tree care services to residential and commercial entities.

4.     Defendant, Richard Longo d/b/a The Tree Guy (hereinafter "defendant Tree Guy"), is an individual and a resident of the State of Connecticut residing therein at 31 Country Way, Bethel, Connecticut, and at all times material hereto was in the business of providing tree care services to residential entities.

## JURISDICTION AND VENUE

5.     Jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. § 1332 by reason of diversity of citizenship of the parties. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Venue is properly laid in this district pursuant to the provisions of 28 U.S.C. § 1391.

2

## GENERAL ALLEGATIONS

6.     At all times material hereto, Vigilant's insured Gerhard Schulmeyer (hereinafter "insured" or "plaintiff's insured"), owned and occupied the residence located at 12 Field Point Circle, Greenwich, Connecticut (hereinafter "subject property").

7.     At all times material hereto, Vigilant provided property insurance coverage under policy number 112584-01-01 (hereinafter "subject policy") to its insured insuring, among other things his real and personal property.

8.     At all times relevant hereto, defendant Newington owned and resided at the Newington property in Greenwich, Connecticut, which is adjacent to the subject property.

9.     At all times relevant hereto, defendant Newington owned, controlled and maintained all aspects of the Newington property including, inter alia, any and all trees located thereon.

10.    Prior to May 18, 2002, defendant North Stamford was employed by defendant Newington to provide tree care at the Newington property.

11.    Prior to May 18, 2002, defendant Tree Guy was employed by defendant Newington to provide tree care at the Newington property.

12.    On or about May 18, 2002 a significant portion of a large tree situated on the Newington property fell onto the subject property causing severe and extensive damage to a greenhouse structure located on the subject property.

13.     Defendant Newington, her servants, employees, agents and/or contractors knew or should have known the tree, a portion of which fell on the subject property, was in a diseased, rotted or otherwise unhealthy condition.

14.     Defendant Newington, her servants, employees, agents and/or contractors had the duty to maintain her property, including all trees therein, in a safe condition.

15.     Defendant North Stamford had a duty to discover and warn defendant Newington and/or plaintiff's insured that the tree was in a diseased, rotted or otherwise unhealthy condition.

16.     Defendant Tree Guy had a duty to discover and warn defendant Newington that the tree was in a diseased, rotted or otherwise unhealthy condition.

17.     As a direct and proximate result of the falling tree, the plaintiff's insured sustained severe and extensive damage to his real and personal property, the fair and reasonable repair and replacement cost of which exceeds $469,000.00.

18.     Plaintiff's insured subsequently made a claim under the subject policy for the aforesaid damages and, in compliance with all of the terms and conditions of the subject policy, Vigilant made payments to its in an amount in excess of $469,000.00.

19.     Under and pursuant to the terms of the subject policy and in accordance with the common law principles of equitable subrogation, and to the extent of the payments Vigilant has made to its insured as alleged above, Vigilant is duly subrogated to the respective rights, claims and causes of action of its insured against defendants as alleged herein.

## COUNT I

## Vigilant Insurance Company, a/s/o Gerhard Schulmeyer v. Barbara Newington
### NEGLIGENCE

20.    Plaintiff Vigilant hereby incorporates by reference the allegations set forth in paragraphs 1 through 19 of this complaint as though same were more fully set forth at length herein.

21.    The aforesaid damages sustained by the plaintiff's insured were proximately caused by the negligence, carelessness, recklessness and/or gross negligence of defendant, her servants, employees, agents and/or contractors as follows:

    a)    failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insured from harm;

    b)    failing to adequately inspect and maintain the trees located on defendant's property;

    c)    failing to safely and properly maintain defendant's property;

    d)    failing to hire landscaping contractors or arborists to inspect and care for defendant's trees;

    e)    failing to hire competent landscaping contractors or arborists to inspect and care for defendant's trees;

    f)    failing to abide by applicable rules, regulations, ordinances, codes and/or statutes;

    g)    failing to adequately and properly warn plaintiff's insured of potential damages associated with the trees on defendant's property; and

    h)    otherwise failing to exercise reasonable care under the circumstances in ways that may be further disclosed during the discovery process.

22.    As a direct and proximate result of the foregoing negligence, carelessness, recklessness and/or gross negligence of defendant, her servants, employees, agents and/or

contractors acting within the scope of their employment, the tree felling occurred resulting in severe and extensive damage and destruction to the plaintiff's insured's property, the fair and reasonable repair and replacement value of which exceeds Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars.

WHEREFORE, Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer hereby demands that judgment be entered in its favor and against Barbara Newington in an amount in excess Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars together with prejudgment interest, damages for delay, the cost of this action and such other and further relief as deemed just and proper under the law.

## COUNT II
## Vigilant Insurance Company, a/s/o Gerhard Schulmeyer v. Barbara Newington
## TRESPASS

23. Plaintiff Vigilant hereby incorporates by reference the allegations set forth in paragraphs 1 through 22 of this complaint as though same were more fully set forth at length herein.

24. Plaintiff's insured did not consent to the tree coming onto his property.

25. As a result of tree coming onto plaintiff's insured's property, defendant unlawfully trespassed upon plaintiff's insured's property.

26.    As a direct and proximate result of the unlawful trespass, plaintiff's insured suffered severe and extensive damage and destruction to his property, the fair and reasonable repair and replacement value of which exceeds Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars.

6

WHEREFORE, Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer hereby demands that judgment be entered in its favor and against Barbara Newington in an amount in excess Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars together with prejudgment interest, damages for delay, the cost of this action and such other and further relief as deemed just and proper under the law.

**COUNT III**

**Vigilant Insurance Company, a/s/o Gerhard Schulmeyer v. North Stamford Tree**
**NEGLIGENCE**

27.    Plaintiff Vigilant hereby incorporates by reference the allegations set forth in paragraphs 1 through 26 of this complaint as though same were more fully set forth at length herein.

28.    The aforesaid damages sustained by the plaintiff's insured were proximately caused by the negligence, carelessness, recklessness and/or gross negligence of defendant North Stamford Tree, its servants, employees, agents and/or contractors as follows:

      a)    failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insured from harm;

      b)    failing to adequately inspect, maintain and care for the trees located on defendant Newington's property;

      c)    failing to safely and properly maintain defendant Newington's property;

      d)    failing to abide by applicable rules, regulations, ordinances, codes and/or statutes;

      e)    failing to adequately and properly warn defendant Newington and/or plaintiff's insured of potential damages associated with the trees on defendant Newington's property; and

7

f)    otherwise failing to exercise reasonable care under the circumstances in ways that may be further disclosed during the discovery process.

29.    As a direct and proximate result of the foregoing negligence, carelessness, recklessness and/or gross negligence of defendant North Stamford Tree, its servants, employees, agents and/or contractors acting within the scope of their employment, the tree felling occurred resulting in severe and extensive damage and destruction to the plaintiff's insured's property, the fair and reasonable repair and replacement value of which exceeds Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars.

WHEREFORE, Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer hereby demands that judgment be entered in its favor and against defendant, North Stamford Tree in an amount in excess Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars together with prejudgment interest, damages for delay, the cost of this action and such other and further relief as deemed just and proper under the law.

## COUNT IV
### Vigilant Insurance Company, a/s/o Gerhard Schulmeyer v. Richard Longo
### d/b/a/ The Tree Guy
### NEGLIGENCE

30.    Plaintiff Vigilant hereby incorporates by reference the allegations set forth in paragraphs 1 through 29 of this complaint as though same were more fully set forth at length herein.

31.     The aforesaid damages sustained by the plaintiff's insured were proximately caused by the negligence, carelessness, recklessness and/or gross negligence of defendant Tree Guy, its servants, employees, agents and/or contractors as follows:

a)     failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insured from harm;

b)     failing to adequately inspect, maintain and care for the trees located on defendant Newington's property;

c)     failing to safely and properly maintain defendant Newington's property;

d)     failing to abide by applicable rules, regulations, ordinances, codes and/or statutes;

e)     failing to adequately and properly warn defendant Newington and/or plaintiff's insured of potential damages associated with the trees on defendant Newington's property; and

f)     otherwise failing to exercise reasonable care under the circumstances in ways that may be further disclosed during the discovery process.

32.     As a direct and proximate result of the foregoing negligence, carelessness, recklessness and/or gross negligence of defendant Tree Guy, its servants, employees, agents and/or contractors acting within the scope of their employment, the tree felling occurred resulting in severe and extensive damage and destruction to the plaintiff's insured's property, the fair and reasonable repair and replacement value of which exceeds Four Hundred Sixty-Nine Thousand ($469,000.00) Dollars.

WHEREFORE, Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer hereby demands that judgment be entered in its favor and against defendant, Richard Longo d/b/a The Tree Guy in an amount in excess Four Hundred Sixty-Nine Thousand

9

($469,000.00) Dollars together with prejudgment interest, damages for delay, the cost of this

action and such other and further relief as deemed just and proper under the law.

Respectfully submitted,

LAW OFFICES OF STUART G. BLACKBURN

BY: _____

STUART G. BLACKBURN, ESQUIRE
Fed. Bar #CT00686
Two Concorde Way
P.O. Box 3216 608
Windsor Locks, CT 06096-3216
(860) 292-1116

COZEN O'CONNOR

BY: _____

ROBERT M. CAPLAN, ESQUIRE
Fed. Bar. #CT24719
The Atrium - Third Floor
1900 Market Street
Philadelphia, Pa  19103
(215) 665-4191

Attorneys for Plaintiff,
Vigilant Insurance Company as
Subrogee of Gerhard Schulmeyer

Dated: __June 16, 2003__

10

## CERTIFICATION

I hereby certify that the foregoing MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO JOIN ADDITIONAL DEFENDANTS and AMENDED COMPLAINT has been mailed this 16th day of June, 2003, first class mail, postage prepaid to the following:


John Kane, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT  06103

Elizabeth A. Fowler, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT  06103

Stuart G. Blackburn, Esq.


Of Counsel:


ROBERT M. CAPLAN, ESQUIRE
COZEN O'CONNOR
The Atrium - Third Floor
1900 Market Street
Philadelphia, Pa  19103