

FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2004 APR -5 A 11: 16

U.S. DISTRICT COURT
HARTFORD, CT.

VIGILANT INSURANCE COMPANY a/s/o :    CIVIL NO.: 3-02-CV-1813 (AVC)
GERHARD SCHULMEYER

         Plaintiff,            :

v.

BARBARA NEWINGTON
         And            :

NORTH STAMFORD TREE SERVICE    :
         And

RICHARD LONGO d/b/a THE TREE GUY   :

         Defendants.            APRIL 2, 2004

## DEFENDANT NEWINGTON'S ANSWER, AFFIRMATIVE DEFENSES
## & CROSSCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Barbara Newington, answers Plaintiffs, Vigilant Insurance Company's

Amended Complaint, filed August 13, 2003, as follows:

## PARTIES

1.      With respect to Paragraph 1, Newington has insufficient knowledge or

information on which to base a reply, and therefore leaves the plaintiff to its proof.

2.      Newington admits the allegations of paragraph 2.

3.      Paragraph 3 is not directed at Newington, and thus, Newington need not respond.

4.      Paragraph 4 is not directed at Newington, and thus, Newington need not respond.

## JURISDICTION AND VENUE

5.      With respect to Paragraph 5, Newington has insufficient knowledge or

information on which to base a reply, and therefore leaves the plaintiff to its proof.

## GENERAL ALLEGATIONS

6.      With respect to Paragraph 6, Newington has insufficient knowledge or information on which to base a reply, and therefore leaves the plaintiff to its proof.

7.      With respect to Paragraph 7, Newington has insufficient knowledge or information on which to base a reply, and therefore leaves the plaintiff to its proof.

8.      Newington admits the allegations of Paragraph 8.

9.      Newington admits that on May 18, 2002, she owned her property.  Newington denies any remaining allegations of paragraph 9.

10.     Paragraph 10 is not directed at Newington, and thus, Newington need not respond.

11.     Paragraph 11 is not directed at Newington, and thus, Newington need not respond.

12.     With respect to Paragraph 12, Newington has insufficient knowledge or information on which to base a reply, and therefore leaves the plaintiff to its proof.

13.     Newington denies all the allegations of paragraph 13.

14.     Newington denies all the allegations of paragraph 14.

15.     Paragraph 15 is not directed at Newington, and thus, Newington need not respond.

16.     Paragraph 16 is not directed at Newington, and thus, Newington need not respond.

17.     Newington denies all the allegations of paragraph 17.

18.     With respect to Paragraph 18, Newington has insufficient knowledge or information on which to base a reply, and therefore leaves the plaintiff to its proof.

19.     With respect to Paragraph 19, Newington has insufficient knowledge or information on which to base a reply, and therefore leaves the plaintiff to its proof.

## COUNT ONE: NEGLIGENCE
### (Vigilant Ins. Co. a/s/o Schulmeyer v. Newington)

20.     Newington hereby incorporates by reference her answers set forth in paragraphs 1 through 19 of this Answer as her answer to paragraphs 1 through 19 of Count One with the same force and effect as if fully set forth herein.

21.     Newington denies all the allegations of paragraph 21.

22.     Newington denies all the allegations of Paragraph 22.

## COUNT TWO: TRESPASS
### (Vigilant Ins. Co. a/s/o Schulmeyer v. Newington)

23-26.  The Plaintiff has withdrawn this Count and thus, Newington need not reply.

## COUNTS THREE AND FOUR: NEGLIGENCE
### (Vigilant Ins. Co. a/s/o Schulmeyer v. North Stamford Tree
### Vigilant Ins. Co. a/s/o Schulmeyer v. Richard Longo d/b/a The Tree Guy)

27-32.  Paragraphs 27-32 are not directed at Newington, and thus, Newington need not respond.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE AS TO COUNT ONE

If the plaintiff sustained any damages, such damages were caused by the culpable conduct or negligent acts or omissions of the plaintiff's insured who caused or contributed to the alleged damages.

- 3 -

## SECOND AFFIRMATIVE DEFENSE AS TO COUNT ONE

If the plaintiff sustained any damages, such damages were caused by the culpable conduct or negligent acts or omissions of third parties, and not Newington.

## CROSS CLAIM

### COUNT ONE: NEGLIGENCE

1.      At all relevant times, Barbara Newington ("Newington") was a resident of Connecticut, with a permanent address of 6 Field Point Circle, Greenwich, Connecticut.

2.      At all relevant times, North Stamford Tree Service ("North Stamford") was a corporation duly organized and existing pursuant to the laws of Connecticut with its principle place of business located at 254 Club Road, Stamford, Connecticut, and, at all relevant times, provides tree care services to residential and commercial entities.

3.      At all relevant times, Richard Longo d/b/a The Tree Guy ("Longo") was a resident of Connecticut, residing at 31 Country Way, Bethel, Connecticut, and provided tree care services to residential and commercial entities.

4.      Prior to May 18, 2002, North Stamford and Longo provided tree care services to Newington at her permanent residence.

5.      Prior to May 18, 2002, North Stamford and Longo maintained and inspected any and all trees located on Newington's property, including the tree at issue in the above entitled action.

6.      By providing tree care services to Newington, Longo and North Stamford owed Newington the duty to observe, inspect and maintain Newington's trees in a safe and healthy

condition and the duty to prevent Newington's trees from creating a risk of damage to
Newington's property and adjacent properties due to any of the trees' unhealthy condition.

7.     Vigilant Insurance Company, as subrogee of its insured, brought the above
entitled action in connection with alleged damages to its insured's property purportedly caused
by an unhealthy tree on Newington's property falling on the insured's greenhouse.

8.     Vigilant alleges that Newington, her servants, employees and/or contractors knew
or should have known that the tree, a portion of which fell on the insured's property, was in a
diseased, rotted or otherwise unhealthy state and that as a direct and proximate cause of the
falling tree, Vigilant's insured suffered damage to his property.

9.     Newington has denied the Plaintiff's allegations.  However, to the extent that the
tree was diseased, rotted or otherwise unhealthy, as alleged by Vigilant, the tree's condition is in
connection with North Stamford's and/or Longo's negligent provision of tree care services to
Newington.

10.     If the Plaintiff was damaged as alleged, which is expressly denied by Newington,
said damages were directly caused by the active negligence of Longo and/or North Stamford in
Longo and/or North Stamford's provision of tree care services to Newington.

11.     Longo and/or North Stamford exercised control over the tree maintenance and
care services to the exclusion of Newington.

12.     Newington had no knowledge of nor reason to anticipate Longo's and/or North
Stamford's negligence.

13.     Newington could reasonably rely on Longo and/or North Stamford to conduct its
business in a reasonable and workmanlike manner and in a non-negligent manner.

14.     By providing tree care services to Newington, a legal relationship existed between

Longo and Newington, and North Stamford and Newington, which gave rise to a duty owed by

Longo and North Stamford to provide adequate tree maintenance and care services.

15.     Newington is a passive party and did not cause or contribute to any of the

Plaintiff's alleged damages.

16.     If Newington is liable to Plaintiff, said liability is vicarious and arises from the

active negligence and misconduct of Longo and/or North Stamford.

17.     As a direct and proximate result of North Stamford's and/or Longo's negligence,

as alleged by the Plaintiff, Newington is entitled to indemnification from Longo and /or North

Stamford for all Newington's costs and expenses, including attorney's fees.

**WHEREFORE**, Newington claims:

1.     Indemnification for any judgment that may be rendered against her in favor of the
       plaintiff;

2.     Costs, expenses, and attorney's fees for defending this action brought by the plaintiff;
       and

3.    Such other relief as may appertain in equity or at law.

                              **DEFENDANT**
                              **BARBARA NEWINGTON**

                       By: _____
                              John H. Kane
                              Fed. Bar #ct 12273
                              E-mail: jkane@rc.com
                              Robin P. Keller
                              Fed. Bar # ct23564
                              E-mail: rkeller@rc.com
                              Robinson & Cole LLP
                              695 EAST MAIN STREET
                              Stamford, CT 06904
                              Tel. No.: (203) 462-7500
                              Fax No.: (203) 462-7599

## CERTIFICATION

This is to certify that on April 2, 2004, a copy of the foregoing was sent via facsimile and first-class U.S. mail to: Stuart G. Blackburn, Esq., Law Offices of Stuart G. Blackburn, Two Concorde Way, P.O. Box 608, Windsor Locks, CT 06096; Robert M. Caplan, Esq., The Atrium – Third Floor, 1900 Market Street, Philadelphia, PA 19103; and Ken Mastroni, Esq., Law offices of Cynthia A. Jaworski, 5 Capital Boulevard, Suite 210, Rocky Hill, CT 06067

Robin P. Keller