IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 JUN 22 A II: 05
U.S. DISTRICT COURT
HARTFORD, CT.

VIGILANT INSURANCE COMPANY as Subrogee
of GERHARD SCHULMEYER,

        Plaintiff,

v.

BARBARA NEWINGTON
and
NORTH STAMFORD TREE SERVICE
and
RICHARD LONGO d/b/a THE TREE GUY,

        Defendants.

Case No. 3-02-CV1813 (AVC)

### PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer, through its undersigned counsel, pursuant to Local Rule 56(a)(2), hereby submits this response to the undisputed facts stated in defendant's Local Rule 56(a)(1) Statement and also sets forth the Disputed Issues of Material Fact.

**I.    DOCUMENTS ATTACHED**

1.    Attached hereto as Exhibit "A" is a true and genuine copy of relevant portions of the deposition of Peter Orszulak.

2.    Attached hereto as Exhibit "B" is a true and genuine copy of relevant portions of the deposition of Barbara Newington.

3.    Attached hereto as Exhibit "C" is a true and genuine copy of relevant portions of the deposition of Gerhard Schulmeyer.

4.    Attached hereto as Exhibit "D" is a true and genuine copy of the Invoice provided to Barbara Newington by Alpine Care of Trees for the removal of the tree.

5.  Attached hereto as Exhibit "E" is a true and genuine copy of the Report of Joseph Maisano including attachments.

6.  Attached hereto as Exhibit "F" is a true and genuine copy of relevant portions of the deposition of William Morano.

7.  Attached hereto as Exhibit "G" is a true and genuine copy of relevant portions of the deposition of Richard Longo.

**II.  RESPONSE TO DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT**

1.  Admitted.
2.  Admitted.
3.  Admitted.
4.  Admitted.
5.  Admitted.
6.  Admitted.
7.  Admitted.
8.  Admitted.
9.  Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.
14. Admitted.
15. Admitted.
16. It is admitted that the tree was a pin oak. It is denied that the tree had healthy leaves, no missing bark, no fungus and no signs of ay insect infestation. There is evidence in the record that the tree had visible rot and decay (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).
17. Admitted.

2

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied. It is admitted that Mr. Schulmeyer testified he did not notice any evidence of decay or threatening limbs. It is denied that there was no evidence of decay or threatening limbs. There is evidence in the record that the tree had visible rot and decay (Orszulak Dep. at p. 38, l. 18-22; Maisano Report). Moreover, there is evidence that the there was an obvious "V" crotch in the tree that made limbs susceptible to falling. (Morano Dep. at p. 31-33, 39, 42; Maisano Report).

23. Admitted.

24. It is admitted that Newington testified that she did not notice any branches losing leaves, any deterioration or cuts in the tree, any bark falling of the tree or any decay. It is denied that this was true. As a defendant, Ms. Newington is a biased witness. The jury has a right to make a credibility determination of Ms. Newington and to determine whether they believe she did not notice these problems with the tree. There is evidence in the record that the tree had visible rot and decay and that bark was missing (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).

25. Denied. There is evidence in the record that the tree had visible rot and decay and that bark was missing (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).

26. It is admitted that Longo testified he had not worked in the tree in 7-8 years. As defendant, Mr. Longo is a biased witness. The jury has a right to make a credibility determination of Mr. Longo and to determine when and where he worked on Ms. Newington's property.

27. It is admitted that Longo testified that he did not observe any visible rot or decay, any leaves not growing, or any bark falling off the tree indicating disease, and if he had, he would have told Newington. It is denied that Longo did not make any such observations. It is

3

also denied that Longo would have told Newington if he did. Longo is a biased witness and jury is entitled to make a credibility determination. Whether Mr. Longo actually observed any decay is a question which must be left to the jury because there is evidence in the record that the tree had visible rot and decay and that bark was missing (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).

28. It is admitted that Longo had at times made suggestions to Newington and she had approved the work. It is denied that "any time he found problems" he made suggestions. It is also denied that Newington would approve the work suggested by Longo. Newington testified it was her habit to approve work he suggested, she did not testify that she always did so. (Newington Dep. at p. 73).

29. Denied. There is evidence in the record that the tree had visible rot and decay and that bark was missing (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).

30. Denied. It is admitted that Newington testified that the Longo never told her the tree was diseased or infested in any way. It is denied that this is the case. As a defendant, Ms. Newington is a biased witness. The jury has a right to make a credibility determination of Ms. Newington and to determine whether they believe she did not notice these problems with the tree. In addition, the jury has a right to draw inferences from Newington's inability to recollect certain things. There is evidence in the record that the tree had visible rot and decay and that bark was missing (Orszulak Dep. at p. 38, l. 18-22; Maisano Report).

31. Admitted.
32. Admitted.
33. Admitted.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.

38. It is admitted that Mr. Schulmeyer chose Alpine to remove the tree limb from his greenhouse. It is denied that Mr. Schulmeyer chose Alpine to take down the rest of the tree. Ms. Newington made the decision to have Alpine take down the rest of the tree and paid for the work to be done. (Newington Dep. at p. 53, l. 16-23; Orszulak Dep. at p. 47, l. 16-25; p. 48, l. 1-12).

**III.   DISPUTED ISSUES OF MATERIAL FACT**

1. The exact time and date the tree fell down.
2. The weather conditions when the tree fell down.
3. The reason for the tree falling down.
4. Whether wind had any effect on tree falling.
5. The history of the work done to the tree.
6. Whether the tree was properly cabled.
7. Whether the tree was properly maintained.
8. Whether the tree should have had a metal rod inserted in the trunk.
9. Whether Ms. Newington had actual notice of the danger associated with the "V" crotch in the tree.
10. Whether Ms. Newington had constructive notice of the danger associated with the "V" crotch in the tree.
11. Whether Ms. Newington had actual notice of rot and decay in tree.
12. Whether Ms. Newington had constructive notice of rot and decay in tree.
13. Whether there was evidence of visible rot and decay on the tree.
14. The degree of rot and decay on the tree.
15. Whether there was bark which had fallen off the tree.
16. Whether Longo had actual notice of the defects in the tree.
17. Whether Longo had constructive notice of the defects in the tree.

18. Whether Newington exercised a sufficient degree of control over Longo's work to be responsible for his negligence.

                                                                         Respectfully submitted,

                                                                         COZEN O'CONNOR

BY: _____
                                                    ROBERT M. CAPLAN, ESQUIRE
                                                    Fed. Bar #CT24719
                                                    1900 Market Street
                                                    Philadelphia, PA 19106
                                                    215-665-6968

LOCAL COUNSEL
STUART G. BLACKBURN, ESQUIRE
Law Offices of Stuart G. Blackburn
Fed. Bar #CT00686
Two Concorde Way, P.O. Box 3216
Windsor Locks, CT 06096-3216(860) 292-1116

6