IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 AUG -3 P 4: 14
U.S. DISTRICT COURT
HARTFORD, CT.

VIGILANT INSURANCE COMPANY as Subrogee
of GERHARD SCHULMEYER,

    Plaintiff,

v.

BARBARA NEWINGTON
and
NORTH STAMFORD TREE SERVICE
and
RICHARD LONGO d/b/a THE TREE GUY,

    Defendants.

Case No. 3-02-CV1813 (AVC)

### PLAINTIFF'S SURREPLY TO DEFENDANT BARBARA NEWINGTON'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Plaintiff, Vigilant Insurance Company as Subrogee of Gerhard Schulmeyer, through its undersigned counsel, hereby submits this brief Surreply in response to the issues raised by defendant Barbara Newington in her Reply Memorandum In Further Support of Her Motion For Summary Judgment. Defendant Newington reargues a number of the same points made in her original filing. For brevity, plaintiff will not readdress these same arguments, but incorporates its Opposition herein by reference. Plaintiff, will, for the purpose of this Surreply, address only the newly raised arguments which merit a response.

**I. DIFFERENT INFERENCES CAN BE DRAWN FROM THE TESTIMONY ON THE RECORD AND PLAINTIFF IS ENTITLED TO THE BENEFIT OF ALL SUCH INFERENCES FOR PURPOSES OF THE SUMMARY JUDGMENT MOTION**

In her Reply Memorandum, defendant reiterates much of the same testimony cited in her Motion for Summary Judgment regarding defendant's lack of actual or constructive notice of a

defect in the subject tree. Defendant claims plaintiff mischaracterizes the evidence in the record, however, defendant is misguided in this position. Defendant would like the plaintiff and the Court to accept her interpretation of the facts and has accused plaintiff of mischaracterization solely on the basis that plaintiff's interpretation of the facts differs from the defendant's. Plaintiff is entitled to draw beneficial inferences from the facts in the record. There is no more clear illustration than defendant's position to support the notion that the jury, not the Court, should have the opportunity to weigh the credibility of the witnesses and decide which interpretation of the facts has greater weight. The mere fact that referenced testimony is susceptible to different interpretations proves that there are genuine issues of material fact necessarily precluding summary judgment.

Defendant would like the Court to adopt her interpretation of the testimony and to disregard the fact that much of the testimony on the record is self-serving testimony from defendants Newington and Longo, two biased witnesses in the case. The fact-finder is ultimately entitled to draw whatever inferences it chooses from the testimony on the record. However, it is clear that for purposes of a summary judgment motion, the nonmoving party is entitled to the benefit of all inferences. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In its Opposition, plaintiff sets forth in detail the inferences that can be reasonably drawn from the testimony on the record. Given the full benefit of all of these inferences, plaintiff has shown that there are clearly genuine issues of material fact and summary judgment is inappropriate.

**II.  PLAINTIFF IS ENTITLED TO RELY ON THE REPORT OF JOSEPH MAISANO TO DEFEAT SUMMARY JUDGMENT AND DEFENDANT CANNOT CHALLENGE ADMISSIBILITY OF THOSE OPINIONS WITHOUT A DAUBERT HEARING**

Defendant also claims that plaintiff is not entitled to rely on Joseph Maisano's report because it is inadmissible hearsay evidence. This Court has held that a party may rely on an

expert report to defeat summary judgment. Kaltman-Glasel v. Dooley, 228 F.Supp. 2d 101, 103 (D. Conn. 2002). A party may rely on an expert report if it is produced in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Harris v. Provident Life and Accident Ins. Co., 310 F.3d 73, 77 (2d Cir. 2002). Plaintiff properly produced Maisano's report to defendant, and, therefore is entitled to rely on it to show that there are genuine issues of material fact in the case.

Defendant also argues that Maisano's report and his opinions are inadmissible because they are unreliable, speculative and not based on verifiable propositions of fact.[1] However, defendant has not deposed Maisano, and, therefore, has no real basis for challenging his conclusions, the bases for those conclusions or his methodologies in reaching those conclusions. Moreover, defendant cannot procedurally challenge the admissibility of Maisano's proposed testimony without filing a Daubert motion. Travelers Prop. & Cas. Corp. v. General Elec. Co., 150 F.Supp. 2d. 360 (D. Conn. 2001). If defendant chooses to file such a motion, plaintiff would be entitled to a Daubert hearing, during which Maisano could testify regarding his conclusions and the methodologies he relied on in reaching those conclusions. Id. at. 365. In Travelers Prop. & Cas. Corp., this Court held that an expert's testimony was admissible at trial based on the articulation of this theory and the methodology during the Daubert hearing. The court refused to preclude the expert's testimony despite the fact that the expert "did an exceptionally poor job of articulating that methodology in either his expert report or his deposition testimony." Id. at 366. Accordingly, the Court cannot preclude or discount the opinions of Maisano without first allowing him to testify at a formal Daubert hearing, and defendant's request for Summary Judgment on this basis must be rejected.

---

[1] As discussed in plaintiff's Opposition brief, defendant spoliated much of the relevant evidence in this case preventing plaintiff's expert from personally inspecting the remnants of the tree. Fortunately, some photographs were taken before the evidence was disposed of and Mr. Maisano was able to provide an opinion regarding the condition of the tree prior to the incident.

3

## III. CONCLUSION

On the basis of the facts and authorities cited above, plaintiff respectfully requests this Honorable Court deny the Defendant's Motion For Summary Judgment.

                Respectfully submitted,

                COZEN O'CONNOR

                BY: _____
                ROBERT M. CAPLAN, ESQUIRE
                Fed. Bar #CT24719
                1900 Market Street
                Philadelphia, PA 19106
                215-665-6968

LOCAL COUNSEL
STUART G. BLACKBURN, ESQUIRE
Law Offices of Stuart G. Blackburn
Fed. Bar #CT00686
Two Concorde Way, P.O. Box 3216
Windsor Locks, CT 06096-3216
(860) 292-1116
Attorneys for Plaintiff