```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

VIGILANT INSURANCE COMPANY     :
a/s/o GERALD SCHULMEYER,       :       2005 FEB 28  P 2:51
     Plaintiff,                :
                               :
VS.                            :       Civil No. 3:02CV1813 (AVC)
                               :
BARBARA NEWINGTON,             :
NORTH STAMFORD TREE SERVICE,   :
RICHARD LONGO,                 :
d/b/a THE TREE GUY,            :
     Defendants.
```

**RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is an action for damages alleging violations of common law precepts concerning negligence. The complaint alleges that the defendant, Barbara Newington, failed to exercise reasonable care to prevent a tree, situated on Newington's property, from falling onto her neighbor's greenhouse. The plaintiff, Vigilant Insurance Company ("Vigilant"), is subrogee of Gerald and Helga Schulmeyer, the owners of the greenhouse.

Newington now moves, pursuant to Federal Rules of Civil Procedure 56, for summary judgment, contending that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law.

The issue presented is whether Vigilant has raised a genuine issue of material fact as to whether Newington was negligent in failing to prevent her tree from destroying the Schulmeyers' greenhouse.

1

For the reasons hereinafter set forth, the court concludes that a genuine issue of material fact does in fact exist. Accordingly, the motion for summary judgment is DENIED.

## FACTS

Examination of the complaint, affidavits, pleadings, Rule 56(c) statements and exhibits accompanying the motion for summary judgment, and the responses thereto, disclose the following undisputed, material facts.

Gerald and Helga Schulmeyer and the defendant, Barbara Newington, own adjoining property located at 6 and 12 Field Point Circle, respectively, in Greenwich, Connecticut.

On or about May 18, 2002, a limb from a large oak tree located on Newington's property fell onto the Schulmeyers' greenhouse, causing damage to the greenhouse, its contents, and the surrounding shrubbery.

Newington gave the Schulmeyers $6,000 to help cover the damage. She also contracted with Alpine Care of Trees of Greenwich, Connecticut, to clear the remainder of the tree from her own property and to remove the limb from the Schulmeyers' greenhouse. One Peter Orszulak, an Alpine representative, who assisted with the tree removal and serves as Newington's tree expert, testified that the tree broke at the "V" crotch, which is a potentially weak area in a tree. Orszulak's testimony is

corroborated by one William Morano, a tree expert who occasionally did tree work for Newington.

No part of the tree was preserved for future examination. Vigilant's insurance adjuster, however, was able to take photographs of the tree's branches and trunk prior to its disposal. On June 13, 2002, Vigilant's tree expert, one Joseph Maisano of Micha Tree and Landscape, reported the following findings based upon his examination of the photos:

> (1) The photo shows a hole in a previously healed cut. This hole leads to the center core of the tree and can promote decay inside the tree. This should prompt an investigation into tree trunk support.
>
> (2) From the photo decay (brown area) of tissue followed by a white fungus showed this area where the three trunks came together was a weak area. . .
>
> (3) From the decayed logs (with internal rot) some branches must have shown smaller leaves and dead branches which should have been pruned from the tree.
>
> (4) A photo of the trunk. . . shows the right side of the trunk with brown tissue indicating internal decay in the tree base. This decay could have been found on the trunk to the upper branches if the trunk was examined by tapping the outer bark or drilling into the trunk.
>
> (5) . . . if someone inspected the tree the tree for loose bark, fungus growth or tapping one would come to the conclusion that this tree was in trouble and at some time a limb could fall.
>
> (6) It is my opinion that the weak area of three trunks together should have been noticed by arborist and checked out. They would have noticed decay internally and the hazard side of the tree would be detected and the tree removed.

(7) All the above discussion of signs are signals to the inspector that this is a hazardous tree and should be removed.

At the time of the loss, the plaintiff, Vigilant Insurance Company, provided property insurance coverage to the Schulmeyers, and the Schulmeyers made a subsequent claim for the greenhouse damages. Vigilant made payments to the Schulmeyers totaling $469,000 and has brought this action to recover this sum.

## STANDARD

Summary judgment is appropriately granted when the evidentiary record show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffacci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 112 S. Ct. 152 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

4

issue of material fact." Liberty Lobby, supra, at 247-48 (emphasis original). The Supreme Court has noted that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex v. Catrett, 477 U.S. 317, 327 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims…[and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

## DISCUSSION

Newington argues that judgment as a matter of law is appropriate on the claim of negligence because "[t]here is absolutely nothing in the record that indicates that [she] had any actual or constructive knowledge of any defective condition with the [t]ree," and, accordingly, she cannot be found to have violated any duty of care.

In response, Vigilant argues that judgment as a matter of law is inappropriate because "genuine issues of fact exist as to whether Newington had actual or constructive notice that the tree was not properly cabled or supported" and that "the tree had visible rot and decay."

5

"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v. Hershowitz, 119 Conn. 398, 407-08 (1935). The essential elements of a cause of action in negligence are well established: duty, breach of that duty, causation, and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). "A duty may arise by statute, contract, or circumstances in which a reasonable person would anticipate harm." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982). "It is also well established that the plaintiff has the burden of proof in proving negligence." Metropolitan Property and Casualty v. Town of Fairfield, No. CV970339264S, 2002 Conn. Super. LEXIS 2884, at *11 (Sept. 4, 2002).

Common law has long imposed a duty upon landowners to maintain their property so as not to cause harm to their neighbor's property. In Gibson v. Denton, 4 A.D. 198 (N.Y. App. Div. 1896), a decayed tree fell from the defendant's property onto her neighbor's house during a wind storm. There, "[t]he defendant had no more right to keep, maintain or suffer to remain on her premises an unsound tree near the house of her neighbor, on which in any of the frequently occurring high winds it was liable to fall, than she would have had to keep a dilapidated and unsafe building in the same position." Gibson v. Denton, 4 A.D. 198, 201 (N.Y. App. Div. 1896). In Mahurin v. Lockhart, 390

6

N.E.2d 523 (Ill. App. Ct. 1979), the court held that "a landowner in a residential or urban area has a duty to others outside of his land to exercise reasonable care to prevent an unreasonable risk of harm arising from defective or unsound trees on the premises. . . " Mahurin v. Lockhart, 390 N.E.2d 523, 524-25 (Ill. App. Ct. 1979)

Connecticut, too, recognizes this duty. "[I]t is the duty of every person to make reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." Pestey v. Cushman, 259 Conn. 345, 352 (2002). In McDermott v. Calvary Baptist Church, 68 Conn. App. 284, 294-95 (2002) aff'd 263 Conn. 378 (2003), the court stated that in order "to establish liability for an injury caused by a falling tree limb, a plaintiff must establish that the landowner had either actual or constructive notice of the limb's defective condition." Id.

"Notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. On a question of notice, the trier's consideration must be confined to the defendant's knowledge and realization of the specific condition causing the injury, and such knowledge and realization cannot be found to exist from a knowledge of the general or overall conditions

7

obtaining on the premises." Monahan v. Montgomery, 153 Conn. 386, 390 (1966).

Black's Law Dictionary defines "actual notice" as "[n]otice given to, or received personally by, a party." Black's Law Dictionary 1091 (8th ed. 2004). The Supreme Court of the United States has adopted the Black's Law Dictionary definition of actual notice. See Dusenberry v. U.S., 534 U.S. 161, 170 (2002).

A landowner is charged with constructive notice of a defective condition

> when it is of such a nature and duration that a reasonable inspection would have disclosed the risk. . . Constructive notice is premised on the policy determination that under certain circumstances a person should be treated as if he had actual knowledge so that one should not be permitted to deny knowledge when he is acting so as to keep himself ignorant . . . Therefore, <u>when a possessor of land fails to make or to have made a reasonable inspection which would have disclosed the dangerous condition, his negligent ignorance is, in the eyes of the law, equivalent to actual knowledge</u>.

Hall v. Burns, 213 Conn. 446, 479 (1990) (emphasis added). "The determinative question is whether the defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered and remedied it." McDermott v. Calvary Baptist Church, 68 Conn. App. 284, 294 (2002) aff'd 263 Conn. 378 (2003). "A landowner, however, does

8

not have a duty to examine its trees constantly for nonvisible decay." Id. at 295.

Here, Vigilant offers no evidence that Newington actually knew the tree was defective due to visible rot and decay. Newington testified that she never saw any signs of rot, decay or defective condition on the tree. Nor did Newington have actual notice of visible rot and decay based on imparted knowledge. No one could have alerted Newington to the fact that the tree had a defective condition because no one who observed the tree prior to its falling testified to having actual knowledge of a defect. Richard Longo, Newington's tree expert, testified that the tree was a healthy tree and that throughout the six months prior to the tree falling he noticed no signs of fungus, insect infestation or decay. Even the Schulmeyers testified that the tree was a beauty of a tree with green leaves and no outward signs of defects. Because no one who observed the tree prior to its demise had actual notice of the tree having a defective condition, no one could have imparted such notice to Newington.

A genuine issue of material fact does exist, however, with respect to whether Newington had constructive notice of the tree defect. Maisano, the plaintiff's tree expert, visited the Schulmeyers' home shortly after the tree fell and inspected what remained of the tree - a pile of 14 logs, and photographs taken by the plaintiff's adjuster. His findings suggest that the tree

was in a "hazardous" condition due to decay and rot and that this defective condition would have been visible on the tree's exterior.

In Maisano's report, he states: "if someone inspected the tree. . . one would come to the conclusion that this tree was in trouble and at some time a limb could fall." Because a jury could find that Newington failed to make a reasonable inspection of the tree, an issue of fact exists as to whether Newington had constructive notice of a defective condition. Accordingly, the motion for summary judgment is denied.

The court is mindful of Newington's challenge to Maisano's report as lacking credibility. Prior to any further proceedings in this matter, the court will hold a <u>Daubert</u> hearing whereby Newington may challenge Maisano's opinion and his report as failing to constitute admissible evidence. After this proceeding, Newington may renew her motion for judgement as a matter of law.

### CONCLUSION

For the foregoing reasons, the motion for summary judgment (document no. 44) is DENIED.

It is so ordered this 28th day of February, 2005 at Hartford, Connecticut.

                        Alfred V. Covello
                        United States District Judge